Phillips & Sons Co. *v.* Worley Corporation, Appellant.

Argued October 8, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*C. B. Wagoner*, and with him *J. W. McWilliams* and *Charles S. Wesley*, for appellant.

*Frederick H. Warner*, and with him *Emanuel Zausmer*, for appellee.

OPINION BY BALDRIGE, J., December 12, 1929:

Alterman and Canin were indebted to Phillips & Sons Co. They executed and assigned to it a contract they had with the Worley Corporation, together with all sums due thereunder. A written notice of the assignment was sent to the Worley Corporation, who recognized it by making substantial payments thereunder to the appellee.

This suit was brought to recover the unpaid balances under the assigned contract.

Judgment was entered for plaintiff, appellee here, for want of an affidavit of defense, which the appellant seeks to open. The appellant paid the balance due under the assigned contract to Alterman and Canin upon representations of Alterman that their assignment to Phillips & Sons Co. had been rescinded. It is contended by the appellant that Alterman and Canin had agreed with the appellee to pay it the amount they collected from the Worley Corporation, and that certain sums were paid in accordance with that plan, and, further, that there was an agreement between counsel that judgment should not be entered in this action without giving the defendant an opportunity to file an affidavit of defense.

It is conceded that the assignment of the contract never was cancelled. The appellant was misled by the false statement of Alterman into paying money to him and Canin when it was not indebted to them. The unsuccessful endeavor of the appellant to locate Phillips & Sons Co., whose office in the Pennsylvania Building

had been closed, did not justify the appellant in accepting the word of Alterman or paying the money to his firm, except at its peril. The validity of the assignment was not impaired and their indebtedness to Phillips & Sons Co. was not discharged by the payment of money to Alterman and Canin, who had parted with all their rights in the contract.

The appellant endeavored to prove through Alterman that there was an agreement between his company and Phillips & Sons Co. to apply the payments made by Alterman and Canin to Phillips & Sons Co. to the amount that the Worley Corporation owed them under the assignment. Alterman's recollection was defective and his testimony vacillating. The alleged arrangment, which he was unable to recall with any distinctness, was emphatically denied by the attorney for this appellee, and, although Alterman stated that he was accompanied at one of his interviews by an attorney, his testimony was uncorroborated. The payments made by Alterman and Canin were applied by Phillips & Sons Co. to their indebtedness of $1,470.40 over and above the credit received by the assignment of the Worley Corporation contract. As there was no sufficient proof of an agreement or direction upon the part of the creditor, the debtor had no right to apply the payments to the indebtedness of another firm. The appellant invokes the principle that when a debtor makes payment to his creditor he may direct how his payments should be applied, provided the payment is voluntarily made. We recognize that doctrine, but in this case no agreement or direction was proven.

There apparently was an agreement between counsel in regard to giving the defendant an opportunity to file an affidavit of defense, but, as the lower court well says, there were no facts proven that could have been embodied in an affidavit of defense that would have

prevented the court from entering a judgment on the pleadings.

The assignment of error is overruled and.judgment of the lower court is affirmed.